I fully concur with the majority's decision on Assignments of Error I, II and III, but respectfully dissent from the majority's decision on Assignment of Error IV. The majority finds error in the trial court's exclusion of the testimony of Lisa Brown, aka "Granny." The specific evidence excluded was that Ms. Durant ingested crack cocaine on the day of the incident through a "straight shooter." T. at 340. The majority finds the exclusion of said evidence deprived appellant of a complete defense. I disagree with the majority's analysis because the proposed testimony was extrinsic and under Evid.R. 608(B), such extrinsic evidence is prohibited: Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness and untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
Further, on the issue of relevancy, Ms. Durant's use of crack cocaine on the day of the incident with no relation to time or lapse of time before the incident is questionable. Evidence of Ms. Durant's condition at the time of the incident was available through the observations of the investigating officers and hospital personnel. Based upon the foregoing, I respectfully dissent from the majority's decision on Assignment of Error IV.